IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY KIRBY,**                                 Case No. 5:17 CV 1749

      Petitioner,                                 Judge James Gwin

      v.                                       Magistrate Judge James R. Knepp II

**CLARK SCOTT,**

      Respondent.                              REPORT AND RECOMMENDATION

## INTRODUCTION

*Pro se* Petitioner Anthony Kirby ("Petitioner"), a prisoner in state custody, filed a Petition

seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Clark

Scott, Warden of Belmont Correctional Institution ("Respondent") filed an Answer (Doc. 12) and

Petitioner filed a Reply (Doc. 15). The district court has jurisdiction over the Petition under §

2254(a). This matter has been referred to the undersigned for a Report and Recommendation

pursuant to Local Rule 72.2(b)(2). (Non-document entry dated November 3, 2017). For the reasons

discussed below, the undersigned recommends the Petition (Doc. 1) be denied.

## FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by

a state court are presumed correct and can only be contravened if the habeas petitioner shows, by

clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. §

2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524,

530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state

court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530.

Here, the Ohio Ninth District Court of Appeals set forth the following facts:

[*P2] During the early morning hours of October 21, 2006, G.A. was walking South Arlington Street in Akron looking to solicit men to engage in sexual acts with her in exchange for money in order to support her drug habit. She encountered a man and asked if he wanted a "date." The two proceeded back behind the church on the corner of South Arlington and Concord, and she agreed to perform fellatio on him in exchange for $10.00. G.A. engaged in fellatio, but the man's penis never became erect and this seemed to make him angry.

[*P3] The man pulled out a box cutter, held it to G.A.'s neck, and told her that he wanted to have sex. G.A. became very frightened. The man told her to turn around, pull down her pants, and lie on the ground. G.A. complied but begged the man not to hurt her. While G.A. was screaming for help, the man engaged in vaginal and then anal intercourse with G.A. G.A. then began fighting with the man — doing "everything [she] could do to get him off of [her]." Ultimately, the man ran off. After struggling with the man, G.A. felt pain on her left side. She found several cuts on her leg and buttocks. Despite her injuries, G.A. proceeded to go back to the drug house to get high. However, as her wounds continued to bleed, G.A. decided to go the emergency room. Some of the cuts required several stitches to close. DNA from the rectal swabs collected during G.A.'s examination was found to be consistent with Mr. Kirby's DNA.

[*P4] Mr. Kirby was indicted on one count of kidnapping in violation of R.C. 2905.01(A)(3), one count of kidnapping in violation of R.C. 2905.01(A)(4), two counts of rape in violation of R.C. 2907.02(A)(2), and one count of felonious assault in violation of R.C. 2903.11(A)(1). Subsequently, repeat violent offender specifications were added to counts three through five.

[*P5] The matter proceeded to a jury trial. The jury found Mr. Kirby guilty of all the counts. At a separate hearing, the trial court found Mr. Kirby guilty of the repeat violent offender specifications. At sentencing, the trial court merged the two kidnapping counts, and Mr. Kirby was sentenced on count two (the violation of R.C. 2905.01(A)(4). In total, Mr. Kirby was sentenced to 51 years in prison.

(Ex. 15, Doc. 12-1, at 100-01); *State v. Kirby*, 2014 WL 7275536, at *1 (Ohio Ct. App.) ("*Kirby I*").

## PROCEDURAL HISTORY

<u>State Court Conviction</u>

In October 2012, a Summit County Grand Jury indicted Petitioner on two counts of kidnapping, two counts of rape, and one count of felonious assault. (Ex. 1, Doc. 12-1, at 5-7). Petitioner pleaded not guilty to the charges (Ex. 2, Doc. 12-1, at 8) and to a supplemental

indictment charging him with a repeat violent offender specification (Ex. 3, Doc. 12-1, at 9). Petitioner filed four pre-trial motions: one to exclude any evidence relating to other crimes, wrongs, or acts (Ex. 4, Doc. 12-1, at 10-17), a motion *in limine* regarding the inadmissibility of prior testimony from a prosecution witness (Ex. 5, Doc. 12-1, at 18-21), a second motion *in limine* regarding evidence of the repeat offender specification (Ex. 6, Doc. 12-1, at 22-24), and a motion to bifurcate the repeat violent offender specification (Ex. 7, Doc. 12-1, at 25-28).[1] On July 10, 2013, in Summit County Common Pleas Court, a jury convicted Petitioner on all counts. (Ex. 8, Doc. 12-1, at 29-33). On July 25, 2013, the trial court found Petitioner guilty of the repeat offender specifications and sentenced him to a total prison sentence of 51 years. (Ex. 10, Doc. 12-1, at 35).

Direct Appeal

Petitioner, through new counsel, appealed his conviction to the Ninth District Court of Appeals, Summit County. (Ex. 12, Doc. 12-1, at 41). He raised three assignments of error:

1. The trial court erred as a matter of law in imposing consecutive sentences upon Kirby in violation of the Double Jeopardy clause of the 5th Amendment to the U.S. Constitution and Article I, Section[] 10 of the Ohio Constitution.

2. The trial court erred as a matter of law when it allowed testimony of prior bad acts evidence in violation of the Due Process clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution.

3. The trial court erred as a matter of law when it modified Kirby's sentence in violation of the Due Process clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10, & 16 of the Ohio Constitution.

(Ex. 13, Doc. 12-1, at 46) (capitalization altered).

---

1. The docket does not include the decision on the first three motions, *see* Ex. 32, Doc. 9-1, at 241-46, but the repeat offender specification was bifurcated, s*ee* Ex. 9, Doc. 12-1, at 34 ("The Defendant was remanded to the Summit County Jail to await sentencing and a hearing on the REPEAT OFFENDER SPECIFICATIONS set for July 25, 2013 …") (emphasis in original).

The appellate court affirmed in part, reversed in part, and vacated in part the judgment of the trial court. (Ex. 15, Doc. 12-1, at 100); *Kirby I*, 2014 WL 7275536, at *1. The court overruled Petitioner's second assignment of error, finding that the trial court did not err by admitting prior bad acts evidence. (Ex. 15, Doc. 12-1, at 102-05); *Kirby I*, 2014 WL 7275536, at *1-3. The court sustained Petitioner's first assignment of error (regarding consecutive sentences) in part. (Ex. 15, Doc. 12-1, at 105-12); *Kirby I*, 2014 WL 7275536, at *4-7. It held Petitioner could be consecutively sentenced for the rape and felonious assault charges, but that the rape and kidnapping charges, and the kidnapping and felonious assault charges should have merged for sentencing purposes. *Id.* The appellate court also sustained Petitioner's third assignment of error, finding the trial court erred by modifying his sentence after a notice of appeal had been filed. (Ex. 15, Doc. 12-1, at 112-14); *Kirby I*, 2014 WL 7275536, at *7-8. As a result, the case was remanded for resentencing. (Ex. 15, Doc. 12-1, at 114); *Kirby I*, 2014 WL 7275536, at *8.

Rule 26(B) Application to Reopen Appeal

In March 2015, Petitioner filed an application to reopen his appeal, arguing his appellate counsel was ineffective. (Ex. 16, Doc. 12-1, at 121-30). The State did not file a response, and the appellate court denied the application in May 2015. (Ex. 17, Doc. 12-1, at 131-34). Petitioner appealed the denial to the Ohio Supreme Court in July 2015 (Ex. 18, Doc. 12-1, at 136), which declined to accept jurisdiction in September 2015 (Ex. 21, Doc. 12-1, at 155).

Resentencing

On September 1, 2015, Petitioner was resentenced in the Summit County Common Pleas Court. (Ex. 22, Doc. 12-1, at 156-59). Petitioner was again sentenced to an aggregate sentence of 51 years (after the trial court merged the required counts), and the judgment entry reflects Petitioner was notified of his registration requirements as a Tier III sex offender. *Id.* at 157-58. On

4

October 19, 2015, Petitioner, through counsel, filed a notice of appeal accompanied by a motion

to file an untimely appeal. (Exs. 23-24, Doc. 12-1, at 160-62). Appellate counsel claimed he did

not know he had been appointed until just a few days prior. (Ex 24, Doc. 12-1, at 161). The Ninth

District Court of Appeals, Summit County, granted the motion. (Ex. 25, Doc. 12-1, at 163).

Petitioner raised four assignments of error:

1. The trial court erred in imposing consecutive sentences upon Anthony Kirby, in violation of this court's mandate, the Double Jeopardy clause of the 5th Amendment to the U.S. Constitution and Article 1, Sections 1 and 10 of the Ohio Constitution.

2. The trial court erred in classifying Anthony Kirby [as] a Tier III Sex Offender without adequate notification, in violation of the Due Process clause of the 5th and 14th Amendments of the U.S. Constitution and Article 1, Sections 1 and 10 of the Ohio Constitution.

3. The trial court erred in imposing costs upon Anthony Kirby after having previously waived costs, in violation of the Due Process clause of the 5th and 14th Amendments of the U.S. Constitution and Article 1, Sections 1 and 10 of the Ohio Constitution.

4. Anthony Kirby was denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the U.S. Constitution and Article I, Sections 1, 10 [and] 16 of the Ohio Constitution.

(Ex. 26, Doc. 12-1, at 169) (capitalization altered).

On December 14, 2016, the appellate court affirmed in part and reversed in part the trial

court's judgment. (Ex. 28, Doc. 12-1, at 213-20); *State v. Kirby*, 2016 WL 7231147 (Ohio Ct. App)

("*Kirby II*"). Only Petitioner's third assignment of error was sustained, which concerned the trial

court's imposition of court costs. (Ex. 28, Doc. 12-1, at 217-18); *Kirby II*, 2016 WL 7231147, at

*3.

In April 2017, Petitioner, proceeding *pro se*, filed a notice of appeal in the Ohio Supreme

Court, accompanied by a motion for leave to file a delayed appeal of the December 2016 appellate

court judgment. (Exs. 29-30, Doc. 12-1, at 221-239). The Ohio Supreme Court denied the motion

for delayed appeal. (Ex. 31, Doc. 12-1, at 240).

## FEDERAL HABEAS CORPUS

The instant Petition was filed in August 2017 and challenges Petitioner's convictions.

(Doc. 1). Petitioner raises five grounds for relief:

> **GROUND ONE**:    The trial court violated the petitioner's rights when it allowed the conviction to stand against the sufficiency of evidence in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.
>
> **GROUND TWO**:    The trial court erred when it allowed testimony of prior "bad acts" evidence in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.
>
> **GROUND THREE**:    The trial court erred in imposing consecutive sentences upon the petitioner in violation of the Court of Appeals mandate, [and] the double jeopardy clause of the Fifth Amendment to the United States Constitution.
>
> **GROUND FOUR**:    The trial court erred in classifying the petitioner [as] a tier III sex offender without adequate notification in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.
>
> **GROUND FIVE**:    The petitioner was denied his right to effective assistance of counsel guaranteed under the Sixth Amendment of the United States Constitution.

*Id.* at 5-11.[2]

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly

deferential standard for evaluating state-court rulings which demands that state court decisions be

given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005). An application for habeas

---

2. Petitioner also includes lengthy statements of supporting facts related to each ground for relief in his petition. *See* Doc. 1, at 5-11.

corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

**DISCUSSION**

Petitioner raises five grounds for habeas relief. (Doc. 1, at 5-11). The undersigned recommends the Petition (Doc. 1) be denied, as each ground is procedurally defaulted, non-cognizable or fails on the merits.

<u>Exhaustion and Procedural Default</u>

The undersigned recommends dismissing two of Petitioner's grounds as procedurally defaulted, and denying a third on the merits. Ground One, sufficiency of the evidence, is defaulted because it was not presented to all levels of the state courts. Ground Three, consecutive sentencing, is defaulted because Petitioner did not fairly present the it to state appellate courts as a federal issue. Ground Five, ineffective assistance of counsel, is procedurally defaulted for failure to present it to the state courts, but Petitioner can show cause and prejudice to overcome this default. However, Ground Five fails on the merits on AEDPA review.

Petitioners must exhaust state court remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied when a petitioner has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See id.*; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971).

Unexhausted claims which can no longer be raised to a state appellate court are procedurally defaulted. Petitioner can overcome default by showing some cause for neglecting the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Demonstrating "cause" requires a petitioner to "show

8

that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner, by failing to comply with state procedural rules, did not present his sufficiency of the evidence ground (Ground One) for "one complete round of the state's established appellate review process." *O'Sullivan*, 526 U.S. at 842. Petitioner similarly failed to present his ineffective assistance of resentencing counsel claim (Ground Five) to the Ohio Supreme Court.

*Ground One - Sufficiency of the Evidence*

Petitioner argues his conviction is based on insufficient evidence to prove identity. (Doc. 1, at 5-6). Petitioner did not raise this first ground for relief on direct appeal. *See* Ex. 13, Doc. 12-1, at 46. He did, however, raise the argument in his Rule 26(B) application to reopen, arguing his appellate counsel's ineffective assistance prevented the sufficiency of the evidence issue from being heard on direct appeal. (Ex. 16, Doc. 12-1, at 123-29).

Raising a claim for the first time in a Rule 26(B) application does not preserve that claim for federal habeas review. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("[B]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct'.") (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)). However, a non-defaulted ineffective assistance of counsel claim can constitute excusing cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Because Petitioner did in

9

fact present a claim of ineffective assistance of appellate counsel on this basis to the Ohio courts, *see* Ex. 16, Doc. 12-1, at 121-30; Ex. 19, Doc. 12-1, at 138-48, this Court will consider whether it establishes cause to excuse the default of his first ground.

Ineffective assistance of appellate counsel can serve as cause to excuse the procedural default of other claims brought by a habeas petitioner. *Edwards*, 529 U.S. at 451. The test of *Strickland v. Washington,* 466 U.S. 668 (1984) (constitutionally deficient performance plus prejudice), applies to appellate counsel. *Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Parks v. Bobby,* 545 F. App'x 478, 481 (6th Cir. 2013); *see also Murray*, 477 U.S. at 488 ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland* . . . there is no inequity in requiring him to bear the risk of attorney error that results in a procedural default."). Ineffective assistance of counsel as cause for excusing default is not subject to AEDPA deference. *Hall v. Vasbinder*, 563 F.3d 222, 236-37 (6th Cir. 2009) (citations omitted) ("An argument that ineffective assistance of counsel should excuse a procedural default is treated differently than a free-standing claim of ineffective assistance of counsel. The latter must meet the higher AEDPA standard of review, while the former need not."); *see also Hale v. Burt*, 645 F. App'x 409, 415 (6th Cir. 2016).

An appellate attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). "In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano,* 228 F.3d 674, 682 (6th Cir. 2000).

The failure to raise an issue on appeal is only ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins,* 356 F.3d 688, 710-11 (6th Cir. 2004). The failure to raise an underlying claim in the appeal which would have been unsuccessful is not ineffective assistance of appellate counsel. *Meek v. Bergh,* 526 F. App'x 530, 534 (6th Cir. 2013). "Counsel's performance is strongly presumed to be effective." *McFarland,* 356 F.3d at 710 (quoting *Scott v. Mitchell,* 209 F.3d 854, 880 (6th Cir. 2000)). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel "ignored issues [which] are clearly stronger than those presented." *Smith,* 528 U.S. at 288 (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)). Thus, the question for this Court is whether the actions of Petitioner's appellate counsel in failing to raise a sufficiency claim constituted constitutionally ineffective assistance.

Although review is *de* novo, the undersigned notes that the Ohio appellate court rejected Petitioner's claims of ineffective assistance of appellate counsel, in part by considering the merits of Petitioner's underlying sufficiency of the evidence claim:

> Appellant has moved pro se to reopen his prior appeal. Appellee has not responded to the application for reopening.
>
> Pursuant to App.R. 26(B), to justify reopening of an appeal, the applicant has the burden of establishing a "genuine issue" of ineffective assistance of appellate counsel. *State v. Sanders*, 94 Ohio St.3d 150, 151 (2002). The analysis found in *Strickland v. Washington*, 466 U.S. 668 (1984), is the appropriate standard to assess whether an applicant has raised a "genuine issue" of ineffective assistance of appellate counsel. *Id.* To demonstrate ineffective assistance of counsel, the applicant must show that "counsel's representation fell below an objective standard of reasonableness" and that, but for the deficient representation there is a reasonable probability that the movant would have been successful on appeal. *Id. See also State v. Hill*, 90 Ohio St.3d 571, 572 (2001), citing *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.
>
> It must be noted that in Ohio a properly licensed attorney is presumed competent, and the burden is on the appellant to show counsel's ineffectiveness. *State v. Lytle*, 48 Ohio St.2d 391, 397 (1976), *vacated on other grounds, Lytle v.*

11

*Ohio*, 438 U.S. 910 (1978). It is also well established that "[c]ounsel need not raise all nonfrivolous issues on appeal." *State v. Campbell*, 69 Ohio St.3d 38, 53 (1994), citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."). Therefore, appellate counsel may limit the number of arguments raised in order to focus on those issues most likely to bear fruit. *State v. Caulley*, 10th Dist. No. 97AP-1590, 2002-Ohio-7039, ¶ 4, citing *State v. Allen*, 77 Ohio St.3d 172, 173 (1996).

* * *

Additionally, Appellant argues that he should be permitted to reopen his appeal so that he can challenge his convictions as being based upon insufficient evidence and being against the weight of the evidence. Appellant argues that there was no evidence that he was guilty of the assault, rape, and kidnapping charges, primarily because the victim, G.A., did not identify Appellant as her attacker. However, G.A.'s testimony, when combined with the DNA evidence presented at trial and viewed in a light most favorable to the State, constituted sufficient evidence whereby a jury could conclude that Appellant committed the crimes at issue. G.A. testified that she was stabbed with a box cutter and vaginally and anally raped. Additionally, DNA from the rectal swabs collected during G.A's examination was found to be consistent with Appellant's DNA. Accordingly, we cannot say that appellant's appellate counsel fell below an objective standard of reasonableness in failing to raise a sufficiency argument in Appellant's appeal.

(Ex. 17, Doc. 12-1, at 132-33).

The undersigned agrees that the record here fails to establish the ineffective assistance of appellate counsel for failing to raise a sufficiency of the evidence challenge to Petitioner's conviction. Based on the facts found by the appellate court, *see* 28 U.S.C. § 2254(e)(1), there was sufficient evidence to convict Petitioner. (Ex. 17, Doc. 12-1, at 132-33) ("However, G.A.'s testimony, when combined with the DNA evidence presented at trial and viewed in a light most favorable to the State, constituted sufficient evidence whereby a jury could conclude that Appellant committed the crimes at issue."). And, because appellate counsel cannot be ineffective for failing to raise a non-meritorious claim, this is not constitutionally ineffective assistance of counsel. *Jones*, 463 U.S. at 751-52. Thus, Petitioner has not shown his appellate counsel's performance

12

included "errors so serious that counsel was scarcely functioning as counsel at all". *McMeans,* 228 F.3d at 682.

Petitioner has therefore failed to establish cause and prejudice to excuse his procedural default of Ground One. *See Edwards*, 529 U.S. at 451. For that reason, Petitioner's first ground for relief is procedurally defaulted and should be dismissed.

*Fair Presentation: Ground Three – Consecutive Sentences*

A procedural default may also occur when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan,* 526 U.S. at 842; *Anderson v. Harless,* 459 U.S. 4 (1982). In Ohio, "one complete round of the State's established appellate review process" means a defendant must fairly present his constitutional claims, on the record, to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver v. Straub,* 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan,* 526 U.S. at 845). This is to "[alert] [the state court] to the fact that the prisoner[] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (internal quotation marks omitted) (citations omitted). To accomplish this, a petitioner must fairly present the substance of his federal constitutional claims to the state courts before seeking habeas relief. *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005) (quoting *Picard*, 404 U.S. at 275)). A petitioner fairly presents his federal claim to the state courts in one of four ways: (1) relying on federal cases employing constitutional analysis; (2) relying on state cases that employ federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts that are well within the mainstream of constitutional law. *Whiting*, 395 F.3d at 613.

Petitioner did not do any of those things in his lower court brief. His argument on direct appeal relied entirely on state court decisions interpreting state statutes. *See* Ex. 26, Doc. 12-1, at 174-76. Though the title section includes reference to constitutional rights, the Sixth Circuit has held such cursory references are insufficient to put the state appellate court on notice of an alleged federal constitutional claim. *Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004) (holding a Petitioner's use of "fair trial" and "due process" as catchall language did not mean the claim was fairly presented to state courts as a Constitutional claim); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("[G]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated.").

The Court recognizes below Petitioner's appellate counsel's failure to notify qualified as cause to excuse the default of Ground Five. However, this cannot serve as cause for the particular default here. Petitioner did not present a claim to the state courts that his appellate counsel on resentencing ineffectively argued issues, as would be necessary to excuse this procedural default. *See Edwards*, 529 U.S. at 451. He has proposed no other objective external factor to excuse complying with this procedural rule. *Bonilla*, 370 F.3d at 498. Therefore, Petitioner's procedural default cannot be excused. The undersigned recommends Ground Three be dismissed as procedurally defaulted.

*Ground Five - Ineffective Assistance of Counsel*

Petitioner's fifth ground for relief, ineffective assistance of counsel, addresses only his counsel during his resentencing hearing. (Doc. 1, at 10-11) ("The petitioner was denied effective assistance at the resentencing."). Petitioner raised this issue on direct appeal of his resentencing. (Ex. 26, Doc. 12-1, at 169). The appellate court considered the issue, and overruled Petitioner's assignment of error. (Ex. 28, Doc. 12-1, at 218-19); *Kirby II*, 2016 WL 7231147, at *4. Petitioner,

14

*pro se*, filed an untimely notice of appeal to the Ohio Supreme Court, accompanied by a motion for a delayed appeal (Exs. 29-30, Doc. 12-1, at 221-39), which the Ohio Supreme Court denied (Ex. 31, Doc. 12-1, at 240).

A petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977)); *see also Maupin,* 785 F.2d at 138. If, due to a petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Petitioner failed to comply with the state's procedural rules by failing to file a timely appeal to the Ohio Supreme Court. *See* Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i) ("To perfect a jurisdictional appeal from a court of appeals to the Supreme Court . . . the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed."). Petitioner's resentencing appeal judgment was entered on December 14, 2016. (Ex. 32, Doc. 12-1, at 241). He filed his notice of appeal on April 27, 2017, outside of the 45-day time limit. (Ex. 30, Doc. 12-1, at 223). As a result of his failure to file a timely appeal, the Ohio Supreme Court summarily rejected his appeal without reaching the merits. (Ex. 31, Doc. 12-1, at 240). Enforcement of this procedural rule is an independent and adequate ground for precluding relief. *Bonilla*, 370 F.3d at 497. Therefore, Petitioner's claim is defaulted, unless he can show cause to excuse his failure to comply with the state's procedural rules. *Maupin*, 785 F.2d 138.

As cause to overcome the default, Petitioner argues he did not know his resentencing appeal had been decided and, without that knowledge, he could not have known to file an appeal to the

Ohio Supreme Court. (Doc. 1, at 10). Although there is no constitutional right to counsel in a discretionary appeal to the Ohio Supreme Court, *see Evitts v. Lucey*, 469 U.S. 387, 394 (1985), the Sixth Circuit has held the right to effective assistance of appellate counsel extends to the duty of informing the client of the outcome of the appeal, *Smith v. Ohio Dep't of Rehab. & Corr*, 463 F.3d 426, 433 (6th Cir. 2006). Appellate counsel's failure to inform the petitioner of the appellate court's decision within the appropriate timeframe can constitute ineffective assistance sufficient to constitute cause and prejudice to excuse a procedural default. *Id.* at 434. Prejudice is presumed in a situation where a defendant's right to appeal is foreclosed because he did not receive timely notice from counsel of the appellate court's decision. *Id.*

Taking Petitioner at his word, he did not discover his appeal was decided until March 29, 2017. *See* Doc. 1, at 10. Thus, he can show cause for his procedural default. Petitioner filed a motion for delayed appeal with the Ohio Supreme Court on April 27, 2017, which is within 45 days of when he claims he discovered the appellate court judgment. (Ex. 30, Doc. 12-1, at 223). This suggests Petitioner would have filed a timely appeal had he been timely informed of the appellate decision by his appellate counsel. *Smith*, 463 F.3d at 435. And, as *Smith* counsels, prejudice from such an error is presumed. *Id.* at 434. Therefore, the undersigned turns to the merits of Ground Five.

In Ground Five, Petitioner alleges his resentencing counsel was ineffective for multiple reasons. He raised this argument on direct appeal, and the state appellate court found it meritless:

> {¶ 16} Kirby's final assignment of error is that he received ineffective assistance of counsel by failing to object to errors in connection with his resentencing. Because this Court has sustained Kirby's third assignment of error with respect to the imposition of court costs, his fourth assignment of error is moot in connection with that alleged error. See *State v. Mack*, 9th Dist. Summit No. 26859, 2014–Ohio– 1387, ¶ 15, citing *State v. Jamhour*, 10th Dist. Franklin No. 06AP–20, 2006–Ohio– 4987, ¶ 14. We consider Kirby's fourth assignment of error, therefore, in connection with his remaining arguments.

16

{¶ 17} In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the arguments in his first assignment of error, Kirby has not demonstrated error to which trial counsel should have objected. In other words, counsel's performance was not deficient and, it follows that it was not ineffective. *See State v. McDowell*, 9th Dist. Summit No. 26697, 2014–Ohio–3900, ¶ 18, citing *State v. Williams*, 9th Dist. Summit No. 25716, 2011–Ohio–6604, ¶ 14. With respect to his second assignment of error, even if this Court assumes, without deciding, that trial counsel's performance was deficient by virtue of not objecting during the resentencing, Kirby has not demonstrated that the outcome of his resentencing would have been different. In this respect, we note that the trial court's order that resentenced Kirby did notify him of his registration obligations. In addition, although the record does not reflect that Kirby signed the written notification of his registration obligations, it appears that the trial court did complete the written notification in connection with his resentencing.

{¶ 18} Kirby's fourth assignment of error is overruled.

*Kirby II*, 2016 WL 7231147, at *4.

The deferential standards established by *Strickland* and § 2254(d) make habeas review of ineffective-assistance claims "doubly" deferential. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). When a case is governed by § 2254(d), "the question is not whether counsel's actions were reasonable . . . [but] whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105.

In this case, the state appellate court reasonably applied *Strickland*. Petitioner's ineffective assistance of counsel claim was based on resentencing counsel's failure to object during the resentencing to three alleged errors at the resentencing. (Ex. 26, Doc. 12-1, at 182-83). The appellate court granted relief on one of those errors, mooting the attached ineffective assistance claim. (Ex. 28, Doc. 12-1, at 218); *Kirby II*, 2016 WL 7231147, at *3. The appellate court found the first error raised by Petitioner, that the resentencing court erred in imposing consecutive

17

sentences in violation of the appellate court's mandate, the Double Jeopardy Clause of the U.S. Constitution, and Article 1, Sections 1 and 10 of the Ohio Constitution, meritless. *Id.* 216. The court found, without deciding if the resentencing court erred, that no prejudice could have resulted from any alleged error regarding the court's notification of Petitioner regarding his sex offender registration obligations. *Id.* at 219. Counsel cannot be ineffective for failing to object where there is no error. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001) ("[C]ounsel cannot be ineffective for failure to raise an issue that lacks merit."). Further, an ineffective assistance of counsel claim is meritless if no prejudice results from the alleged error. *Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005) ("To prevail on an ineffective-assistance-of-counsel claim, a petitioner must satisfy both prongs of the Strickland test: performance and prejudice."). Therefore, the undersigned finds the appellate court's decision was not "contrary to or an unreasonable application of" *Strickland*, and therefore Ground Five fails on the merits. 28 U.S.C. § 2254(d).

<u>Non-Cognizable Claims</u>

*Ground Two - Prior Acts Evidence*

In Ground Two, Petitioner argues the trial court erred in permitting the introduction of prior bad acts evidence at his trial, in violation of his Fourteenth Amendment rights. (Doc. 1, at 7). Respondent argues this ground cannot receive habeas review because it is non-cognizable. For the following reasons, the undersigned agrees that the claim is non-cognizable.

Federal habeas relief is generally not available for state law violations. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 63 (1991). This includes state evidentiary rules. *Estelle*, 502 U.S. at 72 ("Nor do our habeas powers allow us to reverse McGuire's conviction based on a belief that the trial judge incorrectly interpreted the California Evidence Code in ruling that the prior injury evidence was admissible as bad acts evidence in this case."); *Walker v. Engle*, 703

18

F.2d 959, 962 (6th Cir. 1983) ("[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus."); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) ("The district court correctly ruled that it could not provide habeas relief even if the prior acts testimony was admitted in violation of Ohio law.").

To obtain habeas relief, Petitioner must show the admissibility of bad acts evidence was an error in state law that resulted in the denial of fundamental fairness. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Petitioner has not done so. The appellate court upheld the trial court's decision to admit the evidence, demonstrating there was no error in the application of state law. (Ex. 15, Doc. 12-1, at 102-05); *Kirby I*, 2014 WL 7275536, at *1-3. There is no Supreme Court precedent holding the admission of prior acts evidence undermines the fundamental fairness of a trial. *See Bugh*, 329 F.3d at 512 ("There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."). Accordingly, the undersigned recommends dismissing Ground Two as non-cognizable.

### Ground Four – Sex Offender Registration

AEDPA establishes two jurisdictional prerequisites for federal habeas review. 28 U.S.C. § 2254(a). Petitioner must be in custody, and the legality of that custody must be "in violation of the Constitution or laws or treaties of the United States." *Id*. Petitioner's Fourth Ground, that the state erred in failing to notify him of his registration requirements as a Tier III Sex Offender, fails to satisfy either prerequisite.

Petitioner raises a state law claim, for which this court cannot grant any relief. *See* Ex. 28, Doc. 12-1, at 216; *Kirby II*, 2016 WL 7231147, at *3 ("Kirby's second assignment of error is that the trial court committed plain error *by failing to comply with the notification requirements of R.C.*

*2950.03(B)* during his resentencing.") (emphasis added); *Estelle*, 502 U.S. at 67 ("We have stated many times that "federal habeas corpus relief does not lie for errors of state law.") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Any error in the resentencing court's notification is a state law concern, which is what appellate counsel argued on Petitioner's resentencing appeal. *See* Ex. 26, Doc. 12-1, at 176-79. Additionally, the sex offender registration requirements do not, on their own, place Petitioner in custody as required. Sex offender registration laws, on their own, impose a collateral consequence of conviction which does not place Petitioner in custody. *Turner v. Chillicothe Corr. Inst.*, 2011 WL 1004553, at *1 (S.D. Ohio). Whether Petitioner was properly notified is not the cause of his current incarceration and does not subject him to incarceration. *See* Ex. 22, Doc. 12-1, at 156-57; *Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002) ("Although Leslie is currently incarcerated, he is not seeking relief from the conviction or sentence upon which his confinement is based."). Because Petitioner's Fourth Ground does not challenge his custody, and any challenge is based on state law, the undersigned recommends dismissing this ground as non-cognizable.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be denied. Grounds One and Three are procedurally defaulted. Grounds Two and Four are non-cognizable. Ground Five fails on the merits under AEDPA review.


                                        s/ James R. Knepp II
                                        United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).