UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

ANTHONY KIRBY,

        Petitioner,

vs.

WARDEN CLARK SCOTT,

        Respondent.

Case No. 5:17-cv-1749

OPINION & ORDER
[Resolving Docs. 16, 17]

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Anthony Kirby petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254.

In October 2006, a man raped a woman and attacked her with a box cutter.[1] Although she was unable to identify her assailant, Petitioner Kirby's DNA was later found inside the victim.[2]

In October 2012, an Ohio grand jury indicted Petitioner Kirby for kidnapping, rape, and felonious assault.[3] At trial, the prosecution presented DNA evidence and the victim's description of the attack. Additionally, another woman testified that Kirby raped her in the same place around the same date and attacked her with a box cutter.[4] The trial court admitted this as *modus operandi* evidence to establish Kirby's identity as the attacker.[5]

In July 2013, an Ohio jury convicted Petitioner Kirby of rape, kidnapping, and

---

[1] *State v. Kirby*, No. 27060, 2014 WL 7275536, at *1 (Ohio Ct. App. Dec. 23, 2014). The Court presumes the state court's factual findings are correct unless the petitioner shows by clear and convincing evidence otherwise. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013).
[2] *Kirby*, 2014 WL 7275536, at *1, *2.
[3] Doc. 12-1 at 5–7.
[4] *Kirby*, 2014 WL 7275536 at *2.
[5] *Id.*

felonious assault.[6] The trial court then sentenced Kirby to fifty-one years imprisonment.[7] The Ohio Court of Appeals later vacated this sentence, holding that the trial court erred when it did not merge the kidnapping and rape and kidnapping and felonious assault sentences.[8] The trial court resentenced Kirby for rape and felonious assault only—again for fifty-one years.[9]

Kirby now brings a habeas petition under 28 U.S.C. 2254.[10] Magistrate Judge Knepp issued a report and recommendation ("R&R") that recommended the Court deny Kirby's petition.[11] Kirby objects.[12]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DENIES** Petitioner's request for a writ of habeas corpus.

## Discussion

Because Petitioner has objected, the Court reviews the R&R *de novo*.[13] To succeed in his petition, Kirby must show that that his conviction resulted from an unreasonable application of clearly established federal law or an unreasonable determination of the facts.[14] This standard is challenging.[15]

Kirby argues that: (i) there was insufficient evidence to support his conviction, (ii) the trial court improperly allowed evidence of prior bad acts, (iii) the trial court improperly imposed consecutive sentences, and (iv) Kirby's trial counsel was constitutionally

---

[6] Doc. 12-1 at 29.
[7] *Id.* at 35.
[8] *Kirby*, 2014 WL 7275536 at *5–7.
[9] *State v. Kirby*, No. CR 2012-10-2846 (Ohio Ct. Com. Pl. Sept. 1, 2015); Doc. 12-1 at 156–59.
[10] Doc. 1.
[11] Doc. 16.
[12] Doc. 17.
[13] 28 U.S.C. § 636(b)(1).
[14] 28 U.S.C. § 2254(d).
[15] *Bell v. Cone*, 543 U.S. 447, 455 (2005).

ineffective.[16]

## A. Petitioner's Sufficiency of the Evidence Claim Is Procedurally Defaulted

A state prisoner must first exhaust their state remedies before seeking federal habeas review.[17] Exhaustion requires the petitioner to fairly present the claim to one full round of state appellate review.[18] When a petitioner does not do so, and may no longer do so under state procedure, the claim is procedurally defaulted.[19]

Because Kirby failed to challenge the sufficiency of the evidence in the state courts, his claim is procedurally defaulted.

Kirby counters that his appellate counsel was constitutionally ineffective for failing to bring a sufficiency challenge, that, if true, would justify the default.[20] Petitioner Kirby must show that: (i) his counsel's performance was so deficient that he was no longer acting as counsel at all and (ii) this deficiency caused prejudice.[21] Kirby falls short of this demanding standard.

The mark of effective appellate advocacy is not scattershot arguments raising every conceivable issue, but surgical precision.[22] Here, a sufficiency of the evidence challenge was a losing argument. Under Ohio law, the question is whether the evidence viewed in the light most favorable to the prosecution would convince the average mind of the defendant's guilt.[23]

---

[16] Doc. 1. Originally, Kirby also argued that the trial court failed to adequately notify him of his status as a sex offender. *Id.* at 3. However, Kirby has since abandoned that claim. Doc. 17 at 6 ("Petitioner concedes that state registration laws are non-cognizable in a habeas corpus relief petition.").
[17] 28 U.S.C. § 2254(b)(1)(A).
[18] *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).
[19] *See, e.g., Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015).
[20] *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009).
[21] *Id.* at 236–37.
[22] *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).
[23] *E.g., State v. Troisi*, 922 N.E. 2d 957, 959 (Ohio 2010).

Case No. 5:17-cv-1749
Gwin, J.

At trial, the victim testified that a man had raped and assaulted her—and police found Kirby's DNA inside the victim. And another woman testified that Kirby had raped and assaulted near the same time, in the same locale, and in startlingly similar fashion. Given this evidence, appellate counsel reasonably omitted a sufficiency challenge. Because Kirby had adequately effective counsel, his sufficiency challenge remains defaulted.

**B.     Petitioner's Double Jeopardy Claim Fails**

Kirby also argues that the trial court violated the Double Jeopardy Clause by sentencing him for both kidnapping and felonious assault.[24] Kirby's grievance is imagined. At resentencing, the trial court sentenced Kirby only for rape and felonious assault, not kidnapping.[25] Thus, Kirby's double jeopardy claim fails.

**C.     Petitioner's Evidentiary Claim Is Not Cognizable**

Kirby argues that the trial court wrongfully admitted the other victim's testimony. However, a state evidentiary rule violation is only cognizable on federal habeas review if "it is so egregious that it results in a denial of fundamental fairness."[26] And the Sixth Circuit has already held that the erroneous admission of prior bad acts does not rise to that level.[27] Thus, Kirby's evidentiary argument is not cognizable.

**D.     Petitioner's Ineffective Assistance of Counsel Claim Fails**

Kirby argues that his trial counsel was constitutionally ineffective during his sentencing because his trial counsel: (i) failed to challenge the trial court's failure to follow the appellate court's mandate and (ii) failed to inform Kirby of his future duty to register as a

---

[24] Doc. 1 at 7–8.
[25] Doc. 12-1 at 158–59.
[26] *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). *See also Estelle v. McGuire,* 502 U.S. 62, 72 (1991).
[27] *Bugh,* 329 F.3d at 512–13.

-4-

sex-offender.[28]

First, the trial court did—in fact—follow the appellate court's mandate. The Ohio Court of Appeals held that the trial court could only sentence Kirby for rape or kidnapping, and felonious assault or kidnapping.[29] On resentencing, the trial court sentenced Kirby for rape and felonious assault only.[30] Thus, there was nothing for Kirby's counsel to object to.

Second, Counsel's alleged failure to contest Kirby's future registration obligation has no bearing on his current sentence. It also does not approach an error that undermined proper functioning of adversarial process such that trial and sentencing cannot be relied on as having produced a just result.

A habeas petition is not an airing of grievances. Counsel's alleged failure to inform Kirby of his future registration obligations has nothing to do with his sentence.[31]

### Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DENIES** Petitioner's request for a writ of habeas corpus.

IT IS SO ORDERED.

Dated: August 21, 2019      *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[28] Doc. 1 at 10.
[29] Doc. 12-1 at 109–12.
[30] *Id.* at 158–59.
[31] 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus . . . *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*") (emphasis added).